```
                UNITED STATES DISTRICT COURT
             FOR THE MIDDLE DISTRICT OF TENNESSEE
                      NASHVILLE DIVISION
```

RICKY D. ESCUE,                )
                               )
        Plaintiff,              )
                               )
        v.                      )    NO.  3:10-0296
                               )    Judge Haynes
CORRECTIONS CORPORATION OF     )
AMERICA, et al.,               )
                               )
        Defendants.            )

**TO: The Honorable William J. Haynes, Jr.**

### REPORT AND RECOMMENDATION

Plaintiff Ricky D. Escue, who is proceeding pro se and in forma pauperis, is a prisoner confined at the Metro Detention Facility, operated under contract by Corrections Corporation of America, in Nashville, Tennessee. Plaintiff has filed his complaint pursuant to 42 U.S.C. § 1983 against Corrections Corporation of America ("CCA") and 38 individual defendants, all of whom are identified as employees of CCA. This case has been referred to the undersigned Magistrate Judge for pretrial matters and for report and recommendation on any dispositive motion.

For the reasons stated below, the undersigned Magistrate Judge **recommends** that plaintiff's complaint be **dismissed** for frivolity and failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B).

### Analysis

Title 28, Section 1915(e)(2)(B), of the United States Code provides that the court shall dismiss a case brought in forma pauperis at any time if the court determines that the action "is

frivolous or malicious" or otherwise fails to state a claim upon which relief may be granted.

Plaintiff Escue in his complaint alleges a host of wrongs against the defendants. Among these alleged wrongs are the following:

1. Failure to provide sufficient chairs in cells;

2. Limitation of two rolls of toilet paper for a three-inmate cell and one roll per two-inmate cell;

3. Restriction of use of restroom by inmates to twice per hour in the day room;

4. Limitation of inmates' use of telephone to certain hours each day;

5. Correctional Counselors' alleged lack of qualifications;

6. Placement of plaintiff in segregation based upon an alleged "fictitious investigation;"

7. Failure to provide batteries for the television remote control;

8. Failure to provide sufficient chairs for all inmates in unit to be seated simultaneously;

9. Restriction of showers by inmates on weekends and holidays;

10. Failure to turn off lights in inmate sleeping area before 11:00 p.m.;

11. Restriction of inmates' use of restroom while counts are being performed; and

12. Refusing plaintiff permission to heat water for coffee after other inmates were allowed to do so.

(Docket Entry No. 1). Although this list is not exhaustive of all allegations in plaintiff's complaint, it is representative of those things alleged by the plaintiff to amount to unconstitutional, cruel and unusual punishment.

The Eighth Amendment "imposes duties on [prison] officials, who must provide humane conditions of confinement; prison officials must ensure that inmates receive adequate food, clothing, shelter and medical care, and must 'take reasonable measures to guarantee the safety of the inmates.'" Farmer v. Brennan, 511 U.S. 825, 832 (1994) (collecting cases). An Eighth Amendment conditions-of-confinement claim has two elements. "First, the deprivation alleged must be, objectively, sufficiently serious; a prison official's act or omission must result in the denial of the minimal civilized measure of life's necessities." Id. at 834 (internal quotation marks and citations omitted). Second, the prison official's "state of mind [must be] one of 'deliberate indifference' to inmate health or safety." Id. (quoting Wilson v. Seiter, 501 U.S. 294, 302-03 (1991)). However, "[n]ot every unpleasant experience a prisoner might endure while incarcerated constitutes cruel and unusual punishment within the meaning of the Eighth Amendment." Ivey v. Wilson, 832 F.2d 950, 954 (6th Cir. 1987). Although prisoners are constitutionally entitled to the "minimal civilized measure of life's necessities," Rhodes v. Chapman, 452 U.S. 337, 347 (1981), the Sixth Circuit has held that temporary inconveniences of the type alleged by plaintiff

do not give rise to Eighth Amendment violations. <u>Dellis v. Correction Corp. of America</u>, 257 F.3d 508, 511 (6th Cir. 2001).

Applying these constitutional principles to the claims raised by plaintiff, and accepting those claims as true for the purpose of this analysis, the undersigned Magistrate Judge finds that none of the claims raised by plaintiff are sufficiently serious to rise to the level of cruel and unusual punishment prohibited by the Eighth Amendment. As further support for this finding, the Court notes that none of the deprivations about which plaintiff complains amounts to a showing of defendants' deliberate indifference to plaintiff's serious medical needs or physical safety. Instead, the claims raised by plaintiff here amount to nothing more than relatively minor deprivations incidental to prison life. Therefore, the undersigned Magistrate Judge finds that plaintiff's complaint should be dismissed for frivolity and failure to state a claim upon which relief can be granted pursuant to 28 U.S.C. § 1915(e)(2).

## **RECOMMENDATION**

For the reasons stated above, the undersigned Magistrate Judge **RECOMMENDS** that plaintiff's complaint should be **DISMISSED** for frivolity and for failure to state a claim upon which relief can be granted.

Under Rule 72(b) of the Federal Rules of Civil Procedure, any party has fourteen (14) days from service of this Report and Recommendation in which to file any written objections to this Recommendation, with the District Court. Any party opposing said objections shall have fourteen (14) days from receipt of any objections filed in this Report in which to file any responses to

said objections.  Failure to file specific objections within fourteen (14) days of receipt of this Report and Recommendation can constitute a waiver of further appeal of this Recommendation. <u>Thomas v. Arn</u>, 474 U.S. 140 (1985), <u>reh'q</u> <u>denied</u>, 474 U.S. 1111 (1986).

      **ENTERED** this 20th day of October 2010.

                         <u>s/ John S. Bryant</u>
                         JOHN S. BRYANT
                         United States Magistrate Judge